

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00068-CR

**SHAYANSA DALAKIA MITCHELL,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 77th District Court
Limestone County, Texas
Trial Court No. 14310-A**

## MEMORANDUM OPINION

Shayansa Dalakia Mitchell was convicted of driving while intoxicated, a third or more offense, enhanced and as a habitual offender. *See* TEX. PENAL CODE ANN. § 49.04(b). She was sentenced to 11 years in prison.

Mitchell's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel advised Mitchell that counsel had filed the motion and brief pursuant to *Anders*,

advised Mitchell of her right to review the record, and advised Mitchell of her right to submit a response on her own behalf. Mitchell submitted a response which consisted of a letter, a DVD of the traffic stop, and various other documents including certificates of various programs that she had completed. The letter asked the Court to carefully review the enclosures and her efforts to rehabilitate herself.[1] This we have done to the extent that we can within the confines of the applicable law and our standard of review. However, because we are limited to the record properly before us, and these documents are not part of that record, our ability to use or rely on these documents is very limited. Nevertheless, we have evaluated them in the context of Mitchell's response to her appointed counsel's motion to withdraw and brief in support.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including Mitchell's judicial confession, the plea admonishments, the sufficiency of the indictment, the assistance of counsel, the sufficiency of the evidence, the judgment, the sentencing procedure, and the enhancements. After the review, counsel concludes there is no non-frivolous issue to raise in the appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v.*

---

[1] Because several of the submitted documents were original certificates, we have scanned the documents for entry in our case management system and returned the originals to her.

*State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record, the *Anders* brief, and Mitchell's response, we have determined that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment of Conviction by Court signed on January 22, 2019.

Should Mitchell wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended

eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Mitchell is granted, and counsel is discharged from representing Mitchell. Notwithstanding counsel's discharge, counsel must send Mitchell a copy of our decision, notify her of her right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed
Opinion delivered and filed July 3, 2019
Do not publish
[CR25]

